E-FILED
Monday, 29 October, 2018  11:59:02 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| JULIE A. CONTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| RIVERSIDE HEALTHCARE, | ) | Hon. Judge |
| RIVERSIDE MEDICAL CENTER, | ) | |
| MARY KAY RENCHEN, and | ) | Magistrate Judge |
| MARGARET FLOUNDER, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff, Julie A. Conti, by her attorney, James G. Las Cola, respectfully states as follows for her Complaint of Employment Discrimination:

1.      This civil action is for employment discrimination.

2.      The plaintiff is Julie A. Conti ("Ms. Conti") who at all relevant times was and currently is a resident of Kankakee County, in the State of Illinois.

3.      Defendant Riverside Healthcare ("Riverside Healthcare"), is an Illinois Corporation whose principal business address is 350 North Wall, Kankakee, Kankakee County, Illinois 60901  (Defendant's telephone number)  (855) 404-DOCS.

4.      Defendant Riverside Medical Center ("Riverside Medical Center"), is an Illinois Corporation whose principal business address is 350 North Wall, Kankakee, Kankakee County, Illinois 60901  (Defendant's telephone number)  (855) 404-DOCS.

5.      Defendants Riverside Healthcare and Riverside Medical Center are collectively referred to herein alternatively as the "Employer" and/or "Riverside".

6.      Defendant Margaret Flounder ("Lead Tech") is an individual and agent of Riverside, who at all relevant times was a resident of Kankakee County, in the State of Illinois.

7.     Defendant Mary Kay Renchen ("Manager") is an individual and at all relevant times was an agent of Riverside who was a resident of Kankakee County, in the State of Illinois.

8.     Ms. Conti sought employment and was eventually hired by Riverside at 350 North Wall, Kankakee, Kankakee County, Illinois 60901.

9.     Ms. Conti was employed but is no longer employed by Riverside.

10.    Riverside is not a governmental agency and Ms. Conti has filed a charge against the Company asserting the acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission ("EEOC") on or about February 28, 2018. A copy of the charge will be filed by plaintiff within 14 days as Exhibit "A".

11.    It is the policy of the EEOC to cross-file the charge against the Employer with the Illinois Department of Human Rights all charges received.  Ms. Conti has no reason to believe this policy was not followed in this instance.

12.    The EEOC has issued a Notice of Right to Sue, which was received by Ms. Conti on July 30, 2018; and a copy of the notice will be filed by plaintiff within 14 days as Exhibit "B".

13.    Jurisdiction is based on Title VII of the Civil Rights Act of 1964 by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §2000e-5(f)(3); and The Age Discrimination In Employment Act of 1967 by 29 U.S.C. §623 and 29 U.S. Code §626.

14.    Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiffs' claims arose in this District and (b) defendants' principal place of business is in this District.

15.    The Company discriminated against Ms. Conti beginning on or about December 1, 2015 and beyond the date of her termination.

16.    The Company discriminated against the Ms. Conti because of her age and in retaliation for engaging in protected activities.

2

17.     In the course of Ms. Conti's employment with the Company she was discriminated against with respect to her compensation and benefits, terms of employment, conditions, or privileges of employment, because of her age and retaliation for engaging in protected activities as follows:

a.      Ms. Conti was required to be present for verbal abuse and demeaning behavior regularly by the Lead Tech in the presence of her department members and in a manner that was different from the younger techs in her department;

b.      Ms. Conti was required to account for her time in a manner that was different than the younger techs in her department;

c.      Ms. Conti was not afforded the same accommodations and working conditions with respect to her shifts, rotation positions, serve in "Charge" and "call" positions at higher pay and prevented from doing certain procedures without cause all different from younger techs in her department;

d.      Ms. Conti was not afforded the same privileges of control of her performance of her job duties in that she was instructed by the Lead Tech to adjust her measurements to report outside of the parameters set by her professional society that was different than the younger techs in her department; and

e.      Ms. Conti was disciplined, reprimanded, verbally abused, harassed and assaulted in a manner that was different than younger techs in her department.

f.      Ms. Conti's was subjected to alleged discipline by her Manager, who was unduly influenced by the actions and a direct result of the discriminatory animus of the Lead Tech who willfully repeatedly engaged open and notorious unlawful age based harassment and discrimination.

3

18.     The Company discriminated against Ms. Conti because she opposed and reported to various management at Riverside the repeated abuses by the Lead Tech and the sexual harassment/hostile work environment created by the Lead Tech and a male physician at Riverside.

19.     The Company terminated Ms. Conti in retaliation for Ms. Conti's opposition to and reporting of the repeated abuses reported to various management at Riverside by the Lead Tech and the sexual harassment/hostile work environment created by the Lead Tech and a male physician at Riverside.

20.     The Company continued to retaliate against Ms. Conti by opposing Ms. Conti's employment for a registry position in her department on a pretextual basis because of her opposition to and reporting of the repeated abuses to various management at Riverside by the Lead Tech and the sexual harassment/hostile work environment created by the Lead Tech and a male physician at Riverside.

21.     The Company replaced Ms. Conti with a younger employee.

WHEREFORE, plaintiff, JULIE A. CONTI requests that judgment be entered against defendants, Riverside Healthcare, Riverside Medical Center and Margaret Flounder, as follows:

a. Ordering the Defendants to immediately reinstate Plaintiff to a position with Defendants that is commensurate with her skills and experience, and to treat Plaintiff's employment as having been continuous as of the date Plaintiff was initially employed by the Defendant;

b. Ordering the Defendants to pay to Plaintiff the wages, benefits, and other compensation lost, along with interest;

c. Ordering the Defendants to pay to Plaintiff the compensatory and liquidated damages incurred as a result of their acts of discrimination;

d. Ordering the Defendants to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendants' unlawful conduct; and

4

e.   Awarding to Plaintiff such other relief as this Court deems proper.

PLAINTIFF DEMANDS A TWELVE (12) PERSON JURY TRIAL

Dated:  October 29, 2018          Respectfully Submitted,
                                  JULIE A. CONTI

                          By:     /s/ James G. Las Cola
                                  James G. Las Cola

                                  James G. Las Cola, ARDC #6256256
                                  20 North Clark Street, Suite 3300
                                  Chicago, Illinois 60602
                                  (312) 554-5585
                                  jgllaw@gmail.com


CERTIFICATE OF SERVICE

        The undersigned attorney deposes and states that on October 29, 2018, I filed this document with the Clerk of the Court using the CM/ECF system.

                                  /s/ James G. Las Cola
                                  James G. Las Cola