# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| JULIE A. CONTI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-CV-2282 |
| ) | |
| RIVERSIDE MEDICAL CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Judge Long entered a Report & Recommendation (#5) on May 28, 2019. Plaintiff filed an Objection (#6) on June 11, 2019. For the following reasons, the court accepts the Report & Recommendation.

## BACKGROUND

Plaintiff filed her Complaint (#1) on October 29, 2018. On November 14, 2018, Plaintiff's counsel filed a Certificate of Service (#2) verifying that he mailed a Notice of Lawsuit and Request to Waive Service of Summons to each named Defendant. Defendants did not return the waivers of service.

On May 8, 2019, Magistrate Judge Eric I. Long entered an Order to Show Cause (#4). The Order stated:

> On October 29, 2018, Plaintiff filed a Complaint (#1) against Defendants. Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days to serve a complaint upon all defendant[s]. There is no showing that, to date, Plaintiff has served the defendant in this matter. Therefore, the Court orders Plaintiff to show cause as to why this matter should not be dismissed for failing to serve the summons pursuant to Rule 4(m). Plaintiff has 14 days from the entry of this order to comply.

After Plaintiff did not respond to the Order to Show Cause within 14 days, Judge Long entered a Report & Recommendation (#5) on May 28, 2019. Judge Long recommended that the case be dismissed because Plaintiff had not responded to the Order to Show Cause, Defendants did not return the waivers of service, and there was no showing that Plaintiff had served Defendants.

On June 11, 2019, Plaintiff filed an Objection (#6) to the Report & Recommendation. Plaintiff argues that Judge Long did not consider all of the relevant facts and options.

Plaintiff includes two sentences under the heading "Additional Relevant Facts." First, she states that she filed a charge with the EEOC and received a notice of right to sue on July 30, 2018, and she filed her suit on the 90-day deadline, October 29, 2018. Second, she states: "The 120–day deadline for service under Fed.R.Civ.P. 4(m) was February 26, 2019."

Plaintiff's argument section cites case law concerning a court's discretion to extend the time for service, and it states:

> Plaintiff requests the Court exercise its discretion to extend the time for service because Defendants have likely already received actual notice of the suit, Defendant's [sic] will not likely suffer any prejudice as [a] result of an extension of time and—because the statute of limitations on plaintiff's claims have passed and dismissal for failure to timely serve would effectively be a dismissal with prejudice.

Plaintiff does not claim to have ever attempted service, nor does Plaintiff offer any reason service has not been attempted or perfected.

2

ANALYSIS

The court first notes that Plaintiff is incorrect as to the deadline for service of process under the applicable version of Federal Rule of Civil Procedure 4(m) ("Rule"). The Rule states, in relevant part:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

According to the Rule's Advisory Committee Notes, the time frame prior to a 2015 Amendment was 120 days. But Plaintiff filed her Complaint in 2018. The presumptive time for serving Defendants was 90 days. The date 90 days after October 29, 2018 is January 27, 2019, which was a Sunday. Under Federal Rule of Civil Procedure 6(a)(1)(C), because the last day was a Sunday, the period continued to run until the end of Monday, January 28, 2019.

The court now examines whether the time for service should be extended, an issue discussed in *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932 (7th Cir. 2002). Under the Rule, an extension is mandatory where a plaintiff shows good cause for failure to serve a defendant within the specified time. Fed. R. Civ. P. 4(m); *Coleman*, 290 F.3d at 934. "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman*, 290 F.3d at 934. Where there is no good cause, a court retains the discretion to extend the time for service. *Id. Coleman* summarized:

3

> Thus there is justifiable delay ("good cause"), but there is excusable neglect as well, as grounds for extension. In the first case, that of good cause, an extension is mandatory; in the second, that of excusable neglect, it is permissive, and the judge must be affirmed provided he did not abuse his discretion, that is, act unreasonably, in deciding whether or not the plaintiff's delay was excusable.

*Coleman*, 290 F.3d at 934.

Expanding on the discretionary nature of extensions in the absence of good cause, *Coleman* continued:

> Where as in this case the defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service, where indeed it is quite likely that the defendant received actual notice of the suit within a short time after the attempted service, and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit (it has run on the plaintiff's Title VII claim, though not on her Thirteenth Amendment claim), most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships. But the cases make clear that the fact that the balance of hardships favors the plaintiff does not require the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days[1] provided by the rule. It does not abolish his discretion.

*Coleman*, 290 F.3d at 934.

The Seventh Circuit then affirmed the district judge's denial of an extension of the time for service under those circumstances, noting "[t]he judge understandably was troubled by the fact that the plaintiff had delayed till almost

---

[1] *Coleman,* a pre-2015 case, concerned a version of the Rule with a 120-day time frame.

4

the last minute in attempting service and then had failed not once but twice to serve the defendant in the manner prescribed by [the relevant Federal Rule of Civil Procedure]." *Id.*

Here, Plaintiff does not claim to be entitled to a "good cause" extension of time, and the court, in its discretion, declines to extend the service deadline. *Coleman* is instructive. The *Coleman* plaintiff at least attempted to serve the defendant twice right before the service deadline, but she failed to do so properly under a specific rule for serving a municipal agency. Even with those two, timely attempts, notice to the defendant, and the expiration of the statute of limitations, the *Coleman* court affirmed the district judge's denial of an extension of service.

Here, Plaintiff made no attempt to timely serve Defendants. Plaintiff does not even try to explain why service has never been attempted. One hundred days after the expiration of the 90 day period, Judge Long entered an Order to Show Cause but Plaintiff did not even respond to that Order. When Plaintiff failed to respond to the Order to Show Cause, Judge Long had no reason not to recommend dismissal of this case. Now, 142 days after the expiration of the 90 day period, Plaintiff still has not served or even attempted to serve Defendants, or even offered any excuse for those failures. Under these facts, the court declines to extend the service deadline.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#5) is accepted by this court.

(2) Plaintiff's case is DISMISSED without prejudice.

(3) This case is terminated.

        ENTERED this 19th day of June, 2019.

               s/COLIN S. BRUCE
               U.S. DISTRICT JUDGE